UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL HENSLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02619-JRO-KMB |
| | ) | |
| KIDD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT AND
DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff James Hensley, who is currently incarcerated at New Castle Correctional Facility ("NCCF"), alleges in this case that he is being wrongly held in the STAND program at NCCF. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley,* 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Mr. Hensley sues the following defendants: Unit Team Manager Kidd, Case Worker Gard, Warden, GEO, Department of Justice, Jack Hendrix, James Basinger, Christopher Sanford, Sammy Joseph, Jennifer French, and Captain, New Castle Correctional Facility. The Court accepts Mr. Hensley's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Mr. Hensley contends that the defendants have violated his Fourteenth Amendment rights "by allowing to trap [him] in a program that does not exist . . . ." Dkt. 1 at 2. Mr. Hensley states that he has "no equal opportunities as an inmate to re-enter back into general population," or opportunities for jobs or education. He concludes: "Ms. Gard caseworker can't provide [him] with equal opportunities [due] to the policies that the New Castle Correctional Facility/GEO, Warden James Basinger, Christopher Sanford, Sammy Joseph, and Jennifer French will not allow to let Ms. Gard approval be approved." Dkt. 1 at 3.

2

## III. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Mr. Hensley's allegations are simply too vague to allow a conclusion that any of the defendants violated his rights. Mr. Hensley does not describe the STAND program or the conditions he faces there. Without such factual allegations, Mr. Hensley has not raised an inference that his due process rights have been violated. Mr. Hensley further states he has been denied "equal opportunities." But to state an Equal Protection claim, Mr. Hensley must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Because he has presented no such allegations, he has not stated an equal protection claim.

Moreover, "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Mr. Hensley

3

has not alleged enough facts to allow an inference that any of the individual defendants were personally responsible for his allegations.

Mr. Hensley has also not stated a claim for relief against defendant GEO. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. Hensley has alleged no facts that GEO had a policy, practice, or custom that resulted in his injuries.

In short, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Because Mr. Hensley has not done so, his complaint is subject to dismissal.

### IV. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

As discussed above, the complaint is dismissed. In addition, the motion for retaliation claim, dkt. [17], is **denied**.  The Court notes that Hensley has been

notified regularly in *Hensley v. Meeks*, 2:24-cv-483-MPB-MKK, that he cannot submit new claims piecemeal but must file a motion to amend that attaches an amended complaint that sets forth all of his claims against all defendants. *See* 2:24-cv-483-MPB-MKK, dkt. 77, 99. Any further such motions may be summarily denied, and Hensley may be subject to sanctions for failure to follow Court orders.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through June 12, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have

suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:25-cv-02619-JRO-KMB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 5/14/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

6

Distribution:

JAMES MICHAEL HENSLEY, JR.
255314
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362